Rachel E. Kaufman (Cal. Bar No. 259353)
Kaufman P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com
*Attorney for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN MACDONALD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>E MORTGAGE CAPITAL, INC., a California corporation,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Darren MacDonald ("Plaintiff" or "MacDonald") brings this Class Action Complaint and Demand for Jury Trial against Defendant E Mortgage Capital, Inc., ("Defendant" or "E Mortgage Capital") to stop the Defendant from violating the Telephone Consumer Protection Act by sending telemarketing text messages to telephone numbers registered on the National Do Not Call Registry ("DNC") without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff MacDonald, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences,

and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.      Plaintiff Darren MacDonald is a resident of Scottsdale, Arizona.

2.      Defendant E Mortgage Capital is a corporation registered and headquartered in Irvine, California. Defendant E Mortgage Capital conducts business throughout this District, California, and the U.S.

## JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over the Defendant and the venue is proper since the Defendant resides in this District.

## INTRODUCTION

5.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress

have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

7.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8.    When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.    By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10.    The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11.    Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12.   According to online robocall tracking service "YouMail," 3.6 billion robocalls were placed in December 2021 alone, at a rate of 115.1 million calls per day. www.robocallindex.com (last visited on January 26, 2022).

13.   The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14.   "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15.   "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

16.   In recent years a troubling trend has surfaced in the real estate industry where real estate agents are cold calling consumers soliciting their services without

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT
-4-

1  their consent, including calls that are being placed to consumers that registered their

2  phone numbers on the DNC.

3     17.   This trend has resulted in consumers being bombarded by unsolicited

4  real estate solicitation calls without their consent and in violation of the TCPA.

5

6               **COMMON ALLEGATIONS**

7     18.   Defendant E Mortgage Capital is a mortgage banker and sells mortgage

8  products to consumers throughout the U.S.[3]

9

10

11

12

13

14

15

16

17  **Can I run my own ads?**                                              ^

18  Yes, you can. However please note these ads must be previously approved by our

19  Compliance Department. All advertising must be in EMC's name. This applies to any
    form of advertising, including, but not limited to, print, radio, television, and the

20  internet. Any form of advertising without obtaining approval from EMC will lead to
    immediate termination. We take this very seriously.

21                                                                        4

22

23

24

25

26  _____
    [3] https://www.linkedin.com/company/e-mortgage-capital/about/
27  [4] https://www.emortgagecapital.com/become-loan-officer

28  CLASS ACTION COMPLAINT
                -5-

20.    In placing unsolicited text messages to consumers, Defendant E Mortgage Capital sends or causes to be sent, multiple text messages to phone numbers that are registered on the DNC, such as Plaintiff's phone number.

21.    There are numerous complaints posted online from consumers who have received unsolicited telemarketing calls and text messages from the Defendant like the Plaintiff, for instance:

- ""Mike Jacobs" robocalled today from 800-750-2303, and left same call back number. It was eMortgage Capital in Santa Ana, CA who called back the next day. Their website is the above name with no dots or underscores .com"[5]

- ""Mike Jacobs" robocalled me today from 866-777-8888 with a call back # = 714-759-2307."[6]

- "This Orange County CA number attempted an unlawful contact.  Left an unsolicited recorded message that began, "Hi, this is Mike Jacobs, your senior mortgage consultant..." before leaving a call back number in the 714 area code.  Mortgage fraud is alive and well!"[7]

- "eMortgage Capital, Inc.  in Orange County, CA is behind the Mike Davis robocalling campaign, and Mr. Davis is an appointment setter at eMC, Inc. Today an eMC broker called after I left a message on this 714 # after a MD robocall -btw, the voice message on this 714# did NOT mention eMortgage Capital."[8]

- "Robocall from "Mike Adams" re: lower interest rates on mortgages. Mr Adams claims to be a senior loan officer. Google search this number for an accurate transcript of the message on a website dealing with robocalls. Message is very similar to one used by a "Mike Jacobs" leading to

[5] https://reportscamcall.com/phone/8557590000
[6] *Id.*
[7] *Id.*
[8] https://800notes.com/Phone.aspx/1-714-759-2307

eMortgage Capital in Santa Ana, CA. Mike Adams' call back number is 951-289-0599. One has to leave a message."[9]

- "Hunch was right. Got a call back today from eMortgage Capital, Inc. The eM Cap caller Joe S. referred to my having spoken with "Mike." No, "Mike Adams" delivered a robocall and requested a call back on 951-289-0599."[10]

22.    In October 2018, Defendant received a warning letter for placing unsolicited robocalls from the Colorado Attorney General.[11]

---

[9] https://800notes.com/Phone.aspx/1-951-289-0500
[10] *Id.*
[11] On Page 17 of the report at: https://www.ftc.gov/system/files/attachments/press-releases/ftc-law-enforcement-partners-announce-new-crackdown-illegal-robocalls/operation_call_it_quits_actions_list_6-25-19.pdf

CLASS ACTION COMPLAINT
-7-

## PLAINTIFF MACDONALD'S ALLEGATIONS

23.    Plaintiff MacDonald registered his cell phone number on the DNC on August 27, 2003, for the express purpose that he would not receive unsolicited calls or text messages.

24.    Plaintiff MacDonald's phone number is not associated with a business and is used for personal use only.

25.    On December 1, 2021, Plaintiff received unsolicited text messages from an employee of Defendant E Mortgage Capital, using the phone number 949-468-2710, to his cell phone soliciting Defendant's financial services to him:



26.    On December 2, 2021, at 1:06 PM, Plaintiff MacDonald again received further unsolicited text messages from Defendant's employee, Elliot Laurance, using

the same phone number 949-468-2710, to his cell phone soliciting Defendant's

financial services to the Plaintiff:



27.     The solicitation text messages were sent to Plaintiff MacDonald's cell

phone from Elliot Laurance who works as a Branch Manager for Defendant E

Mortgage Capital.[12]

28.     The text messages were sent by Defendant E Mortgage Capital to solicit

the Plaintiff.

---

[12] https://www.emortgagecapital.com/officer/elliot-laurance

29.    Plaintiff MacDonald never provided his phone number or his consent to Defendant E Mortgage Capital to receive any solicitation from them or on their behalf.

30.    The unauthorized solicitation telephone text messages that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff MacDonald in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

31.    Seeking redress for these injuries, Plaintiff MacDonald, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing text messages to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

32.    Plaintiff MacDonald brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

**<u>Do Not Call Registry Class:</u>** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff, and (5) for whom Defendant claims it obtained the person's number in substantially the same manner it obtained Plaintiff's number.

33.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

34.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

35.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a)     whether Defendant E Mortgage Capital or their employees systematically sent, or caused to be sent, multiple text messages to Plaintiff and other consumers whose telephone numbers were

registered with the DNC without first obtaining consent to send the texts;

(b)     whether Defendant E Mortgage Capital's text messages to Plaintiff and other consumers were sent for telemarketing purposes;

(c)     whether Defendant's conduct constitutes a violation of the TCPA; and

(d)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36.     **Adequate Representation**: Plaintiff MacDonald will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Becker has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff MacDonald and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff MacDonald nor his counsel have any interest adverse to the Class.

37.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply

to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff MacDonald. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

38.   Plaintiff MacDonald repeats and realleges paragraphs 1 through 37 of this Complaint and incorporates them by reference.

39.   The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40.   Any "person who has received more than one telephone call within any

12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

41.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

43.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of

statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MacDonald, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff MacDonald as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff MacDonald requests a jury trial.

DATED this 15th day of February, 2022.

**DARREN MACDONALD**, individually
and on behalf of all others similarly situated,

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com
*Attorney for Plaintiff and the putative Class*